In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-1508 and 99-2183

Federal Election Commission,

Plaintiff-Appellant,

v.

Al Salvi for Senate Committee
and Stephanie Mustell, as Treasurer,

Defendants-Appellees.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 98 C 4933 and No. 98 C 1321--George W. Lindberg, Judge.

Argued December 8, 1999--Decided March 8, 2000

Before Harlington Wood, Jr., Coffey and Flaum, Circuit
Judges.

Flaum, Circuit Judge. The Federal Election
Commission ("Commission") appeals an order of the
United States District Court for the Northern
District of Illinois denying the Commission's
motion under Rules 60(b)(1) and (b)(4) for relief
from an order dismissing a civil enforcement
action the Commission had brought against the Al
Salvi for Senate Committee and its treasurer,
Stephanie Mustell, (collectively, "defendants")
for violations of the Federal Election Campaign
Act. The Commission also appeals the dismissal,
and refusal to alter or amend the judgment, of a
subsequent action, which the district court held
was barred by the first dismissal under res
judicata. For the reasons stated below, we
affirm.

Background

On March 3, 1998, the Commission filed a
complaint in the district court alleging that the
defendants violated the Federal Election Campaign
Act of 1971 by failing to properly report
campaign contributions. At the time it filed the
complaint, the Commission had no attorneys on the
case who were members of the Northern District of
Illinois Bar, and the Commission had neither

designated local counsel for service, as required by the district court's General Rule 3.13, nor filed a petition for admission pro hac vice under General Rule 3.12.

On April 2, 1998, the Commission filed an ex parte motion for waiver of the local counsel and admission requirements. On April 7, the district court issued an order denying the Commission's motion for failure to comply with General Rule 15(B), which requires that an ex parte motion be supported by an affidavit showing cause. The front side of the order stated, at the bottom of the page, that further details were printed on the reverse side. On the reverse side, the order indicated that the court had considered and rejected the merits of the Commission's motion for waiver of the court's requirements: "even if the requirements of 15(B) had been met and even if the court had determined plaintiff's motion was appropriate for consideration ex parte, the motion would have been denied."

Due to a recording error at the court clerk's office, the Commission's counsel only received notice of the April 7 order on May 8, 1998. At that time, the Commission's counsel only copied and read the front side of the order, and were therefore unaware that the court had considered and rejected the merits of the Commission's April 2 motion. Consequently, the Commission refiled its motion for waiver of the court's local counsel and admission requirements.

On June 10, 1998, the district court again denied the Commission's motion, and this time struck all documents filed by the Commission for failure to designate local counsel. The June 10 order also noted that the Commission's counsel had, in failing to do so, directly violated the court's previous, April 7 order. On July 8, 1998, the court, sua sponte, entered an order pursuant to Federal Rule of Civil Procedure 41(b) dismissing the Commission's action.

According to the Commission, it had begun compliance with the court's directives upon receipt of the June 10 order by obtaining local counsel, petitioning for admission pro hac vice, and filing an amended complaint, appearance form, and summonses. Following dismissal of its case, on August 10, 1998, the Commission refiled its case against the defendants, and this second case was assigned to the same district court judge as the first action. The Commission did not move to alter or amend the July 8 dismissal order nor did it file a notice of appeal of the court's ruling in the original action. On November 30, 1998, the court granted the defendants' motion to dismiss the second action with prejudice on the ground

that it was barred by the doctrine of res judicata, because the original action was dismissed with prejudice.

Upon learning from the court's November 30 order that the court's first dismissal was with prejudice, the Commission filed a motion under Federal Rule of Civil Procedure 60(b) to vacate the July 8 order dismissing the first action and to thereby permit the Commission to file a complaint to replace the one stricken by the court in June. The Commission argued that the dismissal was void as a matter of law; that it was based on the court's mistaken belief that the Commission had failed to comply with previous orders; and that any delay in complying with prior orders was the result of "excusable neglect." The Commission concurrently filed a motion under Rule 59(e) to alter or amend the judgment in the second action, arguing that the second action was not barred by the first action because, to the extent the earlier dismissal constituted a final judgment, it was void. The court denied these motions. The Commission now appeals the district court's denial of its Rule 60(b) motion as well as the judgment dismissing the Commission's second action.

Discussion

Although we are asked today to review several decisions by the district court stemming from two separate actions, the Commission ultimately seeks to revisit the district court's sua sponte dismissal with prejudice of the first action. We are somewhat sympathetic to the Commission--though it seems clear that this case is before us because the Commission's counsel repeatedly failed to heed clear directives from the district court--because, as explained below, we believe the district court abused its discretion in dismissing the first action with prejudice. However, the procedural posture of this case leaves us no choice but to affirm the decisions on which this appeal is based.

A.

The Commission argues that the district court erred in concluding that the sua sponte dismissal of the first action barred the second action under res judicata. The Commission contends that when the court dismissed the first action for failure to satisfy local counsel and admission requirements, the court did not purport to address the merits and did not specify whether the dismissal was with or without prejudice to the Commission's refiling its complaint. The defendants respond that the district court's dismissal of the first action was not based on

technical, procedural shortfalls. Rather, they argue, the district court ordered the first action dismissed as a sanction for the Commission's violation of court orders. While the July 1998 order of dismissal did not address the merits of the first action, Rule 41(b) establishes a presumption that such an order operates as an adjudication of the merits. Any later suit with the same allegations was therefore subject to dismissal based on res judicata.

The district court in the second action resolved this dispute in favor of the defendants, stating that its July 1998 dismissal was a sanction for what amounted to lack of prosecution. In its order dated November 30, 1998, dismissing the second action as barred by res judicata, the district court stated that the first action "was involuntarily dismissed as a sanction for plaintiff's violation of this court's rules and violation of a court order. . . . The dismissal of the prior action was not for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Therefore, since the order of dismissal did not otherwise specify, dismissal of the prior action operated as adjudication on the merits of the claims brought in that action." The heart of the Commission's appeal is that the district court's dismissal "on the merits" was improper.

Although the local counsel rule, Northern District of Illinois General Rule 3.13, specifically indicates that a party's documents may be stricken as a sanction for failure to obtain local counsel, the language of the rule does not preclude alternative remedies when necessary. Moreover, a federal court is granted authority to dismiss an action pursuant to Rule 41(b) for failure to comply with a prior court order. Fed.R.Civ.P. 41(b). Finally, courts have discretion to impose sanctions to protect the judicial process, Chambers v. Nasco, Inc., 501 U.S. 32, 44-45 (1991), and the authority of a court to dismiss cases sua sponte for lack of prosecution has long been considered an "inherent power" that is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962).

We appreciate the district court's frustration with the Commission's lack of diligence and its failures to comply with court directives in the first action. We also recognize that district courts must have wide discretion to manage litigation. "Because district judges have a better understanding of their litigants and their

docket, review of managerial decisions such as this one are appropriately deferential." Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir. 1994). In this case, however, we believe the district court acted beyond its discretionary authority in dismissing sua sponte the first action.

In Link, the Supreme Court held that the absence of express notice prior to a sua sponte dismissal with prejudice for failure to prosecute is not an automatic denial of due process. 370 U.S. at 632. However, in Ball v. City of Chicago, 2 F.3d 752 (7th Cir. 1993), we restricted a district court's dismissal powers in this regard by requiring the court to provide "due warning" to plaintiff's counsel. Although we recognized in Ball that there may be extreme circumstances in which an explicit warning is unnecessary before sua sponte dismissal is used as a sanction, id. at 756; see also Johnson, 34 F.3d at 468 (encouraging, but not requiring, a warning before dismissing a case for failure to prosecute where the plaintiff repeatedly delayed the litigation and finally failed to attend the trial without sufficient excuse), we have repeatedly emphasized the general rule that explicit warning must be given to a plaintiff's counsel prior to dismissal. See Williams v. Chicago Bd. of Educ., 155 F.3d 853, 858 (7th Cir. 1998). "[D]ismissals without warning are appropriate in only the most extreme cases, where it is clear that counsel must have expected his actions (or inaction) to be answered with dismissal." In re Bluestein & Co., 68 F.3d 1022, 1026 (7th Cir. 1995).

Although we do not excuse the Commission's conduct--indeed, we are puzzled that the Commission put itself in this position at all--it is hard to see how the recitation of the local rules in the April order would have highlighted the possibility of sanctions far beyond those authorized by the rules themselves. Under Ball, the district court's actions in this case amount to abuse of discretion.

B.

Nevertheless, despite our conclusion that the district court abused its discretion in dismissing the first action with prejudice, that decision itself is not so squarely before us. Presumably because the Commission's counsel did not realize that the dismissal was on the merits until after the time limit for doing so expired, the Commission did not bring a direct appeal. Rather, it brought a second suit, and now asks us to review the district court's dismissal of that suit as barred by the first one, as well as the district court's refusal to vacate the first judgment under Rule 60. None of these avenues

provides relief in this case.

The Commission first relies on two subdivisions of Rule 60(b), which enables the district court to "relieve a party or a party's legal representative from a final judgment, order or proceeding." Fed.R.Civ.P. 60(b). The Commission argues that the district court should have vacated the first dismissal judgment under Rule 60(b)(4), which applies to void judgments, or alternatively under Rule 60(b)(1), which applies to adverse judgments stemming from excusable neglect. The district court denied the Commission's Rule 60 motion, finding the Commission's pleas meritless.

The Commission argues that it was entitled to relief under Rule 60(b)(4) because the dismissal of the first action is void. A judgment is void within the meaning of Rule 60(b)(4) where it is entered by the court without jurisdiction or in contravention of due process, Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 984 (7th Cir. 1989), and we review denials of 60(b)(4) motions de novo to the extent they turn on errors of law. Grun v. Pneumo Abex Corp., 163 F.3d 411, 423 (7th Cir. 1998). The Commission contends that the dismissal violated due process because the court failed to give it adequate notice that the court was contemplating dismissal of the Commission's action. However, Link made it clear that failure to notify a party of the possibility of dismissal does not necessarily render an involuntary dismissal void. 370 U.S. at 632. While we believe the district court's failure to warn of the impending dismissal constituted abuse of discretion, under the facts of this case it cannot be said that the district court's discretionary abuse rose to the level of due process deprivation. Although a warning would have been appropriate, this case was not dismissed entirely out of the blue, over an issue that the Commission was never apprized of. See, e.g., Grun, 163 F.3d at 423-24 (holding that the plaintiff was denied due process when his case was dismissed for failure to appear at trial, when he did not receive notice of the trial date). To the contrary, the district court made clear its intention to enforce the local rules strictly in its orders, which at every turn the Commission chose to read in the light affording it the most flexibility. We agree that the dismissal should not have been vacated under Rule 60(b)(4) as void. See Link, 370 U.S. at 633 ("[W]hen circumstances make such an action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends

not on power but on whether it was within the permissible range of the court's discretion.").

The Commission also contends that the district court's July order dismissing the action should have been vacated pursuant to Rule 60(b)(1). Under this subsection, a court may vacate a final judgment based on mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b)(1). Unlike the Rule 60(b)(4) inquiry, this one focuses not on the dismissal itself but on the conduct that gave rise to it. The Supreme Court explained in Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380 (1993), that attorney carelessness can constitute excusable neglect, but 60(b)(1) relief remains a discretionary safety valve, and our review under Rule 60(b)(1) is extremely deferential. United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir. 1994). Our review of the district court's denial of the Rule 60(b) motion convinces us that the district court adequately considered the Commission's explanations for its delays in complying with court orders as well as delays resulting from the court clerk's own errors. Although the circumstances of this case might arguably constitute excusable neglect permitting relief, they certainly do not compel that conclusion. See id. (stating that a Rule 60(b)(1) motion stands "unless no reasonable person could have acted as the judge did"). Accordingly, we affirm the district court's denial of the Commission's Rule 60(b) motion.

In addition to appealing the Rule 60 motion pertaining to the first action, the Commission appeals the district court's judgment in the second action, which dismissed the case as barred under res judicata by the first dismissal, and the Commission also appeals the district court's denial of the Commission's Rule 59(e) motion to alter or amend that second judgment. This challenge rests on the assumption that the first judgment was not on the merits, for it is undisputed that a decision on the merits would bar relitigation of the same claim by the Commission. See People Who Care v. Rockford Bd. of Educ., 68 F.3d 172, 177 (7th Cir. 1995). However, we have already found that the first action was dismissed with prejudice, and that the sua sponte dismissal in that case (though an abuse of discretion) therefore operated as adjudication on the merits. Faced with the dismissal of its first suit, the Commission could have taken the customary paths of seeking reinstatement of its first suit, moving for amendment of that judgment under Rule 59(e), or directly appealing. By filing the second action, and now appealing the dismissal of that action as barred by res judicata, the Commission is

pursuing what amounts to an impermissible collateral attack on the first judgment. See Hudson v. Hedge, 27 F.3d 274, 276 (7th Cir. 1994) (holding that a plaintiff "cannot use a new suit to contend that the disposition of the first was mistaken"). The Commission cannot use review of the dismissal of the second action to revisit decisions in the first action that it should have challenged directly. Accordingly, we find no error in the district court's disposition of the second action.

Conclusion

For the reasons stated herein, we AFFIRM the rulings of the district court