In re the SEARCH OF THE OFFICE OF Ken TYLMAN, Worldwide Financial Services, 913 17th Street, Charleston, IL 61920.

Nos. 00–3028, 00–3029 and 00–3030.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 2001.

Decided April 5, 2001.

L. Stanton Dotson (argued), Mattoon, IL, for Petitioners-Appellants.

Stephen Heinze (argued), Office of the U.S. Atty., Crim. Div., Chicago, IL, for Respondents-Appellees.

Before MANION, KANNE, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

After the office of WorldWide Financial Services was searched and various items seized pursuant to a federal search warrant, Ken Tylman, Harry Woolen, Debra Hills, and James McNutt filed a petition, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, seeking the return of the items and the suppression of evidence. The district court, after an evidentiary hearing, declined to suppress the seized materials but ordered the government to provide the appellants with copies of all items seized; further, any items appellants identified as being urgently needed were to be provided as soon as possible. Despite the fact that the law does not allow the appellants any additional relief beyond what the district court has ordered, this appeal was taken.

Tylman and the others contend that Rule 41(e) is unconstitutional as applied, that the search warrant was facially invalid and improperly served, and that the original documents seized, not just copies of them, must be returned.

Agents of the Criminal Investigation Division of the Internal Revenue Service entered WorldWide's office in Charleston, Illinois, at 10:30 in the morning on March 31, 2000, to execute the search warrant. To get a warrant, it must be recalled, the government must present evidence which convinces a judge that there is probable cause that criminal activity is afoot.

Once the agents entered the office, they encountered Brent Winters and appellants Ken Tylman, Harry Woolen, and Debra Hills in a conference room. Upon entry, they noticed a problem: although an affidavit listing items to be seized had been attached to the application for the warrant, and was referenced in the warrant itself, no list of items to be seized was included in, or attached to, the search warrant. Mr. Tylman, quick on his feet, objected to the omission and, after consulting with a supervisory IRS agent, the agents decided to obtain a new search warrant before going any further.

The agents secured the office but did not search it until the second warrant was obtained. They did, however, videotape and diagram the offices and label items such as file cabinets while they were waiting. The people within the building were told they were free to leave, and at different times Ms. Hills and Mr. Woolen both left.

The second warrant arrived and it contained an attachment listing items to be seized, but, in what must have been a Keystone Cops moment, the agents saw that the list referred to items to be seized in a related search at a different location. The agents realized the error and again consulted with a supervisory agent. Again, agents went back to court for yet another warrant.

The third warrant was the charm, and the search of the premises began around 6 p.m. The warrant called for the search of the entire business premises. All of the items seized were listed in one inventory which was left at the site with Mr. Tylman and Mr. Winters, an attorney.

The search was carried out at a time when the government was conducting a criminal tax investigation of Tylman (and perhaps others) and his business dealings. No indictment, to date, has been returned.

 The appellants' motion was filed under Rule 41(e) of the Federal Rules of Criminal Procedure, which provides:

**Motion for Return of Property.** A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

The rule is directed at the precise situation before us—a seizure prior to the return of an indictment. Had an indictment been filed, a motion to suppress evidence, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, would be the appropriate vehicle to not only secure the return of seized property, but also to challenge the constitutionality of the search itself. Rule 41(e), however, cannot be used to suppress evidence. The rule does allow for the return of property if the owner is "aggrieved by an unlawful search and seizure or by the deprivation of property." In other words, the motion may be made whether or not the search was lawful. *See* Advisory Committee Notes; *Matter of Search of Kitty's East*, 905 F.2d 1367 (10th Cir.1990).

According to the Advisory Committee Notes, the test of whether property should be returned is whether the government's retention of it is reasonable: "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." *See also Kitty's East.*

In this case, the district court ordered the government to return copies of the seized documents. That was done. We have been given no compelling reason to think that this solution is not an adequate remedy for the appellants. The procedures involved in Rule 41(e) are not intended to deny the government the use of evidence it needs during its investigations and prosecutions, and here the government is continuing to conduct an investigation into, if true, serious violations of federal law.

 Appellants argue, though, that Rule 41(e) is unconstitutional. The argu-

ment seems to be that if all the government has to do to comply with Rule 41(e) is to return copies of items seized, rather than the originals, then Rule 41(e) amounts to a grant to the government of the power to execute a general warrant; if that is the case, then Rule 41(e) should be ruled unconstitutional. We disagree.

The rule was enacted pursuant to the Supreme Court's authority under 28 U.S.C. § 2072. In addition, Congress has codified Rule 41(e) into the statutes at 18 U.S.C. § 3114, and federal statutes enjoy a strong presumption of constitutionality. *See United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). The appellants have not overcome the presumption. The rule is also not out of line with the exclusionary rule, which is itself not an absolute ban on the use of illegally seized evidence. The exclusionary rule does not proscribe the use of illegally seized evidence in all proceedings or against all persons. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Appellants' further argument that the rule allows searches to be done arbitrarily is belied by the fact, as we noted before, that agents initiating a search must first apply for a warrant to a judicial officer who must be satisfied that probable cause exists. In this case, it looks to us that the agents acted reasonably when they declined to conduct the search until they had satisfied themselves that they had a valid warrant.

The appellants also contend that the agents violated subsection (d) of Rule 41. The argument seems to be either (or both) (1) that the warrant was invalid because the fact that there was an attachment setting out items to be seized was not mentioned on the face of the warrant, or (2) that the agents conducted the inventory outside Mr. Tylman's presence. For both propositions, they rely on *United States v. Stefonek*, 179 F.3d 1030 (7th Cir.

1999), which in fact helps them not at all. *Stefonek* involved, in part, the denial of a motion to suppress evidence, and we went to some lengths to point out the exclusion of evidence must not be a sanction, which is disproportionate to the violation. There is no requirement in *Stefonek* that items to be seized must be set out on the face of the warrant as opposed to in an attached list. As to the other point, the rule states that the inventory must be made in the presence of the person from whose possession or premises the property was taken or in the presence of "at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken...." The inventory in this case was conducted in the presence of someone who was not the applicant. Mr. Tylman's absence does not prevent the government from retaining the items for its investigation. In *Stefonek*, we pointed out that a search can, in fact, be conducted in the absence of the person who occupies the premises. Furthermore, given the posture of the case, even if there were a violation of the rule, that would not mean that the seized evidence would necessarily have to be returned pursuant to Rule 41.

Accordingly, the decision of the district court is AFFIRMED.