**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tony SILVA, Defendant–Appellant.**

**No. 00–3597.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 20, 2001.

---

* After an examination of the briefs and the   record, we have concluded that oral argu-

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Federal inmate Tony Silva appeals from the denial of his post-judgment motion for return of property seized during the criminal investigation underlying his convictions. For the following reasons, we reverse and remand.

In 1996 Silva pleaded guilty to conspiracy to illegally import and sell protected wildlife, and to filing a false income tax return. Silva was sentenced to 82 months' imprisonment. In March 2000, while in prison, Silva moved under Federal Rule of Criminal Procedure 41(e) for return of property seized during the criminal investigation. Because the government failed to respond to the motion, the district court granted Silva's motion on April 20, 2000. On June 7, 2000–48 days later–the government filed a motion for reconsideration. The district court properly construed the motion as one under Rule 60(b) of the Federal Rules of Civil Procedure, *see Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000), and reopened the case after granting the motion. Thereafter, in September 2000, the district court denied Silva's motion for return of property. Silva argues here that the district court abused its discretion in granting the government's Rule 60(b) motion and subsequently denying his Rule 41(e) motion.

We first review whether the district court abused its discretion in reopening the case. *See Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 362–63 (7th Cir. 1997). District courts are given discretion to grant or deny relief under 60(b) for excusable neglect. *See id.* at 359. Our review is extremely deferential and a ruling will be overturned only when the judge acts as no reasonable person could have acted. *See FEC v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir.2000); *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir.1994). Rule 60(b) allows relief for mistake, inadvertence, or excusable neglect, *see* Fed.R.Civ.P. 60(b)(1), and attorney carelessness can constitute inadvertence or excusable neglect, *see Pioneer Inv. Serv., Inc. v. Brunswick Assoc.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Salvi*, 205 F.3d at 1020. The determination is essentially an equitable one based on the circumstances, taking into account such factors as the reason for the delay, the length of the delay, and whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. Here, the government moved for Rule 60(b) relief within a reasonable time, and explained that its failure to respond earlier to Silva's Rule 41(e) motion had been due, not to bad faith, but rather to neglect in assigning a new Assistant United States Attorney to replace the original prosecutor who had left the office. Based on these representations by the government, it was not unreasonable for

the district court to exercise its discretion and grant Rule 60(b) relief.

We next review the district court's denial of Silva's Rule 41(e) motion. In 1992 the government seized, pursuant to a valid search warrant, an array of Silva's property. After Silva's subsequent conviction and sentencing, the government returned some of this property, as is well documented. The government, however, concedes that it continues to possess property seized from Silva, but contends that any retained property is either contraband or still needed as evidence to prosecute other defendants. The record leaves unclear exactly what property the government continues to retain, as well as what items the government insists are contraband and which it purportedly still needs as evidence. Despite this ambiguity, however, the district court denied Silva's motion on grounds that the government apparently had already returned some of what Silva demanded back, and that as to the rest Silva failed to sufficiently identify the property or show why the government's continued retention was unreasonable.

■■■ Post-conviction Rule 41(e) motions are treated as civil equitable proceedings, *see United States v. Solis*, 108 F.3d 722 (7th Cir.1997), and reviewed deferentially for abuse of discretion, *see Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369, 373 (7th Cir.2001); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (reviewing denial of Rule 41(e) motion for abuse of discretion). In general, seized property must be returned after criminal proceedings have terminated. *See id.* at 654. Seizure of property from someone, as the district court acknowledged, is prima facie evidence of that person's entitlement to get the property back, *see United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir.1990), and a person from whom property is seized is pre-

sumed to have a right to its return unless the government demonstrates a legitimate reason to retain the property, *see In re Search of the Office of Tylman*, 245 F.3d 978, 980 (7th Cir.2001); *Interstate Cigar Co. v. United States*, 928 F.2d 221, 224 (7th Cir.1991); *Duncan*, 918 F.2d at 654. Moreover, if the government's legitimate interests can be satisfied without the property, then continued retention is unreasonable. *See Tylman*, 245 F.3d at 980.

■■■ Here, Silva contends, and the government concedes, that the government seized and continues to retain property from Silva's home. Silva's Rule 41(e) motion is in places vague about the nature of the property (e.g., "files," "books," "slides") and in other places specific (e.g., "faux ivory cat," "ivory shoe horn," "breeding records"), but his motion was without doubt a general demand for "the return of his rightfully owned property" that was seized in January of 1992 and has yet to be returned. The government does not contest that the property belongs to Silva or that he has an interest in it; rather, the government asserts that the property is contraband or still needed as evidence in pending criminal proceedings against fugitive co-defendants. Therefore, the burden is on the government to satisfactorily explain why its continued retention of Silva's property is reasonable despite the absence of ongoing criminal proceedings against him. *See Interstate Cigar*, 928 F.2d at 224. The district court accepted the government's broad representation that the retained property–which the government did not identify–is contraband or still needed as evidence, and placed the burden on Silva to rebut this representation. This allocation was erroneous. Because there are no ongoing proceedings against Silva, it is the government's burden to show that retention is reasonable by demonstrating that the property is contraband or that

there is "a specific nexus between the seized property and the continuing criminal investigation." *Interstate Cigar,* 928 F.2d at 224. A blanket assertion cannot satisfy that burden.

Accordingly, we reverse the judgment denying Silva's Rule 41(e) motion and remand for further proceedings. The government must be afforded an opportunity to identify the specific property it retains and to demonstrate, at an evidentiary hearing if necessary, that the items are contraband or necessary to an ongoing investigation. Absent this showing, Silva is entitled to return of his seized property.

REVERSED and REMANDED.