Edward SNYDER and Janet Snyder,
Plaintiffs–Appellants,

v.

BARRY REALTY, INC., et al.,
Defendants–Appellees.

No. 02–3308.

United States Court of Appeals,
Seventh Circuit.

Argued March 5, 2003.

Decided March 18, 2003.

Before MANION, DIANE P. WOOD,
and EVANS, Circuit Judges.

ORDER

Edward and Janet Snyder filed this suit against Barry Realty, Inc. and its employees for familial status discrimination under 42 U.S.C. § 3604, alleging that the defendants refused to rent them an apartment because they had five children. After the Snyders and their attorneys failed to appear for trial, the district court dismissed their claim for failure to prosecute. Five months later, the Snyders learned that their case was dismissed, so they filed a Rule 60(b)(1) motion seeking to reinstate it, claiming they did not receive notice of the trial date or notice that the case was dismissed when they failed to appear. The district court denied the Rule 60 motion, and the Snyders appeal. Although we think the district court's dismissal of the case for failure to prosecute was imprudent, we nevertheless affirm because the court did not abuse its discretion when it denied the Rule 60(b) motion.[1]

The Snyders filed their lawsuit against Barry Realty in 1996, and over the next couple years the parties engaged in extensive discovery. Barry Realty filed its proposed pretrial order on December 11, 1998; the Snyders supplemented this order on February 9, 2000. At the district court's request, the parties jointly filed a

---

1. The defendants moved to strike portions of the Snyders' brief and requested sanctions. We did not consider any of the material the defendants moved to strike, so we deny their motion.

status report on May 3, 2000, documenting that settlement efforts had failed. On September 27, 2001, the court set the case for trial on January 22, 2002, and, according to the docket, mailed notices to the parties. On January 22, 2002, the defendants and their attorney appeared, but the Snyders and their attorneys did not, so the court dismissed the case. Again, the court docket reflects that notices of the dismissal were mailed to the parties.

On June 18, 2002, the Snyders filed a motion under Rule 60(b) to vacate the dismissal on the grounds that it was only through inadvertence and excusable neglect that they failed to appear for trial. In support of their motion, the Snyders asserted that they never received notice from the court of either the trial date or the dismissal and that they first learned of the dismissal from the United States Department of Housing and Urban Development.

The district court denied the Snyders' motion, concluding that their reasons for failing to appear for trial did not amount to excusable neglect. Specifically, the court noted that the Snyders' attorneys had a duty to monitor the court's docket, and it was clear to the court that they had not done so for an extended period of time. The court also stated that granting the motion would interfere with the efficient administration of its docket and effectively negate the court's scheduling orders. Thus, it held that the Snyders' failure to appear for trial warranted a harsh sanction despite their alleged previous diligence in prosecuting their case.

A district court has the discretion to vacate a judgment for excusable neglect, Fed.R.Civ.P. 60(b)(1), *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir.2000), and it may consider several factors when it determines if neglect is excusable: "the danger of prejudice to the [non-movant], the length of the [neglect] and its potential impact on judicial proceedings, the reason for the [neglect], including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (defining "excusable neglect" in bankruptcy law but often cited for Rule 60(b)(1)'s definition of "excusable neglect"); *see also Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361 (7th Cir.1997) (adopting *Pioneer's* approach to "excusable neglect" for Rule 60(b)(1) analysis). We review the denial of a Rule 60(b)(1) motion for an abuse of discretion and will only reverse when no reasonable person would have acted as the district court did. *Castro v. Bd. of Educ. of Chicago*, 214 F.3d 932, 934–35 (7th Cir. 2000).

The Snyders primarily attack the underlying dismissal of their case, arguing that the district court abused its discretion when, without warning, it dismissed their case after they failed to appear for trial. We are sympathetic to their position because the law prefers that cases be resolved on their merits. We do not understand why, on the day of trial when the plaintiffs and their counsel were no-shows, a simple telephone call wasn't made (either by the court or opposing counsel) to see what was going on. Just a phone call might have cleared up this mess, but unfortunately that's now water over the dam.

Despite our misgivings about the propriety of the underlying dismissal, the only issue before us is the district court's denial of the Snyders' Rule 60(b)(1) motion. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir.2000) (noting that Rule 60(b) does not permit a party to collaterally attack a final judgment); *Al Salvi*, 205 F.3d at 1019 ("Nevertheless, despite our

conclusion that the district court abused its discretion in dismissing the first action with prejudice, that decision itself is not so squarely before us."). Because review of the denial of Rule 60(b) relief is deferential, we have acknowledged that we must affirm if the district court adequately considered the reasons for neglect and the reasons did not compel a finding of excusable neglect. *Al Salvi,* 205 F.3d at 1020.

The Snyders contend that their neglect is excusable because they did not receive notice of either the trial date or the dismissal. The district court, however, accepted the assertion that the Snyders did not receive notice from the court but found this reason unavailing because the Snyders could have learned of the scheduled trial and subsequent dismissal through other means within their control. According to the district court, if the Snyders and their attorneys had regularly monitored the docket, they would have known of the court's scheduling and dismissal orders before June 2002. In fact, as the district court recognized, the Snyders' attorneys had a duty to monitor their case by regularly checking the court's docket. *See Norgaard v. DePuy Orthopaedics, Inc.,* 121 F.3d 1074, 1075 (7th Cir.1997) (stating that ignorance of another court's docket is not excusable neglect); *Spika v. Village of Lombard,* 763 F.2d 282, 286 (7th Cir.1985) (stating that failure to check the status of a case for 6 months does not warrant Rule 60(b)(6) relief). Even though the dismissal was, in our view, unnecessarily harsh, the Snyders' attorneys failed to monitor the case both before and after the dismissal, and the district court properly considered the fact that the Snyders should have been checking the docket and moving their case forward.

The Snyders also argue that the length of time they failed to attend to their case is not egregious and that holding them responsible for their attorneys' neglect would be unjust. But the district court properly considered the length of time the Snyders neglected their case and its effect on judicial administration. It reasoned that the Snyders ignored their case for a minimum of 9 months (from September 2001 to June 2002) and that, if it excused this carelessness, its scheduling orders would have little effect in the future. Finally, the Snyders' argument regarding the injustice of holding them responsible for their attorneys' misconduct is without merit—courts have repeatedly held parties responsible for their attorney's mistakes. *See, e.g., Pioneer Inv. Serv.,* 507 U.S. at 396–97; *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Although the district court could have excused the Snyders' extended carelessness, the facts did not compel it to do so. Thus, because the district court adequately considered the Snyders' reasons for their neglect, it did not abuse its discretion when it denied their Rule 60(b) motion.

AFFIRMED.