**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010[*]
Decided January 29, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-1747

| | |
|---|---|
| BOBBY LEE HARRISON, <br>   *Plaintiff-Appellant*, <br><br>   *v.* <br><br> COUNTY OF COOK, ILLINOIS, et al. <br>   *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 C 6005 <br><br> Matthew F. Kennelly, <br> *Judge*. |

**O R D E R**

Bobby Lee Harrison, a pre-trial detainee at the Cook County Department of Corrections, alleges that county officials violated his constitutional rights to access the courts, free speech, and association by intentionally mishandling his mail. The district court dismissed his original complaint and an amended complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Harrison appeals, and we affirm the district court's judgment.

---

[*] The defendants were not served in the district court and are not participating in this appeal. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

Harrison's complaint alleged that the defendants opened his "legal mail" outside of his presence; refused to transmit mail that he attempted to file with the district court; and did not allow him to seal outgoing mail. The district court dismissed the complaint, ruling that (1) Harrison had not stated a claim for interference with his right of access to the courts because he had not identified any adverse effect on any litigation; (2) defendants had allegedly opened legal mail outside of Harrison's presence only once, which did not violate his constitutional rights; and (3) the prohibition against sealing mail could not support a claim because security concerns permitted searches of outgoing mail. The court also dismissed Harrison's amended complaint, which it concluded contained "essentially the same allegations as his original complaint." Although the amended complaint identified more "legal mail" that defendants had opened outside of Harrison's presence, the court ruled that there were still too few instances to state a constitutional claim.

In his appellate filings, Harrison provides more specifics about his grievance that the defendants refused to deliver mail to the district court. He asserts that, beginning in September 2007, he attempted four times to file a civil-rights suit in the district court, and that each time his mail was returned undelivered. Harrison asserts that the defendants intentionally prevented those mailings from ever reaching the court. Although his fifth attempt at mailing succeeded, launching No. 08 C 2140 six months after his first attempt, he claims that the defendants' interference caused the district court to dismiss it.

We have allowed a plaintiff to revive a dismissed claim by asserting on appeal additional facts consistent with the original complaint, *see Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008); *Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 801-02 (7th Cir. 2008), but we have not fully analyzed the continuing force of those cases in light of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which emphasized "the importance of prompt dismissal of unmeritorious cases even if they are not frivolous," *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 959 (7th Cir. 2009). Nonetheless, even if we allow Harrison to supplement his complaint with his new assertions on appeal, those new assertions must be sufficient to state a claim for a violation of his right of access to the courts. That right is violated only when an inmate is deprived of access to courts *and* suffers actual injury as a result. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). *Iqbal* and *Twombly* further require that Harrison's assertions about actual injury be plausible.

The district court's ruling in No. 08 C 2140 shows that Harrison's claim that the *defendants* interfered with that suit by blocking his mail is implausible. According to the court in the earlier case, Harrison himself was at fault for the suit's demise. The court dismissed it because "[a]lthough granted three extensions of time in which to do so, [Harrison] has failed to submit an amended complaint as directed," asking instead for more

time to obtain pens and postage.  Noting that Harrison's desire for pens and postage had not disabled him from filing multiple motions and initiating two new lawsuits, the court found Harrison, not the prison, at fault for the delay and dismissed the suit as a result. Harrison's assertions on this appeal are therefore not plausible, even if considered, because he is collaterally estopped from attacking the finding that he was at fault for the earlier suit's dismissal.  *See Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir. 2000).

Harrison also asserts on appeal that the defendants opened his legal mail outside of his presence 15 times between May 2007 and March 2009 and thereby violated his right to access the court system.  To ensure adequate access to the courts, an inmate has the right to have "legal" mail—mail designated as correspondence with an attorney, *see Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005)—opened in his presence.  Most of Harrison's letters are correspondence with a court and therefore do not qualify.  The opening of the remaining correspondence with attorneys is also insufficient to state a claim because he does not allege any detriment to any legal claim.  *See Lewis*, 518 U.S. at 351; *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Nor can the opening of these 15 pieces of mail outside of Harrison's presence support claims for violations of his rights of free speech and free association.  Although an allegation that prison officials regularly open privileged mail from an attorney may state such a claim, *see Antonelli*, 81 F.3d at 1431-32, only one item of mail from the law offices of Lawrence V. Jackowiak was actually marked as mail from an attorney.  Its opening, by itself, does not show a continuing practice of opening privileged mail and therefore cannot support a free-speech or free-association claim.  *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).  Nothing on the mail from the law firms of Schiff Hardin, LLP, and Loevy & Loevy stated that they were from Harrison's attorney or that they were privileged, and therefore opening them outside of Harrison's presence did not violate his rights.  *See Kaufman*, 419 F.3d at 685-86.  And no free-speech or free-association claims arose from the opening of the other 12 pieces of mail because they did not bear an attorney's name and a warning that they were legal mail.  *See id*.  Harrison's First Amendment rights did not preclude the defendants from examining them.  *Id*. at 685.

The judgment of the district court is AFFIRMED.  Harrison is assessed a "strike" for taking this appeal, *see* 28 U.S.C. § 1915(g); *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007), and as the district court warned, he has now "struck out."  As an inmate he may not file suit in federal court without prepayment of fees unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).