NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2017*
Decided January 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1404

| | |
|---|---|
| WILLIAM L. HINTON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern Division<br>of Illinois, Eastern Division. |
| *v.* | No. 16 C 5231 |
| EDWARD GOEWEY, et al.,<br>    *Defendants-Appellees*. | John Robert Blakey,<br>*Judge*. |

**O R D E R**

William Hinton, an Illinois inmate, appeals the dismissal of his civil-rights suit under 42 U.S.C. § 1983 on claim preclusion grounds. We affirm.

In the first of his two suits, Hinton filed a form complaint alleging that on May 17, 2014, several police officers unlawfully searched and arrested him.

---

* We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Judge Der-Yeghiayan reviewed the complaint and noticed that Hinton had not listed any previously filed cases in state or federal court, despite a printed warning—in all capital letters—on the form about a plaintiff's obligation to disclose his litigation history. The warning set forth the possible consequences of noncompliance:

> IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.

The court discovered from its docketing system that Hinton had in fact filed four federal lawsuits from 2011 to 2012. Concluding that Hinton "concealed facts relating to prior litigation," the court dismissed the action.

Nearly a year later, Hinton filed his second form complaint, this time alleging that on May 17, 2014, the officers, along with several prosecuting attorneys and the judge who presided over a criminal matter in state court, had violated his rights in connection with an unlawful search and seizure. The allegations mirrored those he presented in the prior suit, but this time he included information about five lawsuits he had filed between 2011 and 2015. Judge Blakey initially allowed Hinton to proceed on his claims against the police officers, but later granted the officers' motion to dismiss the complaint on grounds that it was barred by claim preclusion. The judge explained that Hinton's two complaints were "nearly identical" in that they named the same officers and raised claims that arose out of the same underlying encounter. The judge went on to consider the remaining element in a claim-preclusion inquiry—whether the dismissal of the first case was a final judgment on the merits—and concluded that it was: Judge Der-Yeghiayan stated that he had dismissed the action because Hinton concealed facts relating to prior litigation and that the case was "terminated."

Hinton's briefs are barebones and difficult to parse, *see* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but we understand him generally to challenge the district court's claim-preclusion analysis. We agree with Judge Blakey, however, that claim preclusion applies here. The doctrine of claim preclusion bars a party from relitigating a claim that was decided or could have been decided in an earlier suit. *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). And all requirements for claim preclusion have been met: the parties in this suit

are the same as in the prior case; the allegations involve the same operative facts; and there was a final judgment in the prior suit. *Id.* Although in the prior suit Judge Der-Yeghiayan did not reach the substance of Hinton's claims, the language of his ruling ("Civil case terminated. All pending motions . . . are stricken as moot.") made clear that he intended the dismissal to be final, with prejudice, thereby terminating any claims that Hinton may have had against these defendants arising out of this set of operative facts. *See Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016). The order therefore operates as an adjudication upon the merits for claim-preclusion purposes and bars Hinton from returning to the same court with the same underlying claim. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'") (citation and quotation marks omitted); *see Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1019–20 (7th Cir. 2000).

AFFIRMED.