**In re: DOCUMENTS AND OTHER POSSESSIONS AT the METROPOLITAN CORRECTIONAL CENTER OF PRISONER Matthew F. HALE**

No. 05 M 73.

United States District Court,
N.D. Illinois,
Eastern Division.

May 5, 2005.

Matthew F. Hale, Chicago, IL, Pro Se.

David Weisman, Assistant United States Attorney, Chicago, IL, Counsel for the United States.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

Matthew F. Hale ("Hale"), a prisoner at the Metropolitan Correctional Center in Chicago ("MCC"), moves this Court pursuant to Federal Rule of Criminal Procedure 41(g), which until 2002 was known as Rule 41(e), to order the office of the United States Attorney ("the Government"), to destroy any and all copies made of, or notes taken from, items seized from his jail cell pursuant to search warrants issued in March, 2005.

On March 1, 2005, and again on March 4, 2005, this Court issued two search warrants for certain writings and other documents believed to be held by Hale in his cell and related storage areas at the MCC. The search warrants were issued based on applications supported by affidavits in connection with an ongoing investigation. On motions by the Government, these applications were placed under seal. Two searches of Hale's jail cell were conducted pursuant to the warrants that same week. Hale argues that the property seized in these searches should be returned to him for two reasons: 1) because the searches were unlawful due to the Government's failure to timely and fully serve Hale with copies of the search warrants; and 2) because the Government's initial reason for seizing the documents no longer exists and its continued retention would be harmful to Hale.

■ Hale's first concern is that the property taken from his cell was seized illegally because the Government failed to timely serve him with the warrants and failed to include the necessary attachments to the search warrants. Hale asserts that he was not given a copy of the March 1, 2005 search warrant until the morning of March 4, 2005, and that he was given a copy of the March 4, 2005 warrant that same evening. Mot. at 1. He claims that neither search warrant he received had any attachments providing notice to him as to what the investigators were allowed to seize. Id. The Government claims that these attachments were provided to Hale on March 14, 2005. Resp. at 3. In this case, the searches of Hale's cell were lawful because the Government complied with Fed. R.Crim.P. 41(e). That is, the original warrants issued both identified the person or property to be searched and/or seized and they were timely executed. Fed.R.Crim.P. 41(e). Although it appears that the Government failed to supply Hale with a copy of the warrant complete with its attachments, any potential defect was cured when the Government supplied Hale with the attachments.

Hale's second argument as to why the Government should be required to return his seized property is that the Government no longer has any need for his property. Hale asserts that the property was seized during the investigation of a crime to which he is no longer a suspect. Hale is primarily concerned that during that investigation, the Government recovered work product related to his potential appeal from his conviction in *United States v. Hale*, 03 CR 11. Mot. at 2–3. The Government argues that it has taken all necessary steps to prevent the Assistant United States Attorneys who are or will be involved in the potential appeal from receiving any documents recovered from Hale's cell which are related to the 03 CR 11 case. The Government asserts that it has protected Hale by setting up a "wall" within the office of the U.S. Attorney. Resp. at 1–2. The Government also claims that it has sent copies of all of the materials seized to Hale, with the exception of one piece of paper which it does not wish to return. R. 3.

■ Federal Rule of Criminal Procedure 41(g) allows for the return of seized property even when a search is lawful. *See In re: Search of the Office of Ken Tylman, Worldwide Financial Svs., 913 17th Street, Charleston, IL*, 245 F.3d 978, 980 (7th Cir. 2001). Rule 41(g) provides:

**Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property *or* by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g) (emphasis added). A Rule 41(g) motion is properly brought to recover property seized lawfully when the government holds the property an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir.2004); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir.2003) (noting that a claim under Rule 41(g) may be brought after, as well as before, a defendant's conviction).

Therefore, the test of whether property should be returned is whether the Government's retention of it is reasonable. *In re: Search of the Office of Ken Tylman*, 245 F.3d at 980; Advisory Committee Notes to Fed. R.Crim.P. 41. According to the Advisory Committee Notes to Federal Rule of Criminal Procedure 41(g), "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." 1989 Advisory Committee Notes to Fed.R.Crim.P. 41; *see In re: Search of the Office of Ken Tylman*, 245 F.3d at 980.

The Advisory Committee Notes further explain the accommodation which should be applied to protect the Government's interest in ongoing or contemplated investigations and the property rights of property owners or holders:

As amended, Rule [41(g)] avoids an all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner. The amended rule recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders. In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use. In some circumstances, however, equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized. *See e.g., Paton v. LaPrade*, 524 F.2d 862, 867–69 (3rd Cir.1975). The amended rule contemplates judicial action that will respect both possessory and law enforcement interests.

1989 Advisory Committee Notes to Fed. R.Crim.P. 41.

The Government's continued retention of property will be reasonable if it can demonstrate that the property is contraband or show a specific nexus between the property and a continuing criminal investigation. *Interstate Cigar Co. v. United States*, 928 F.2d 221, 224 (7th Cir.1991); *United States v. Crenshaw*, 2004 WL 742100, *1 (N.D.Ill. Mar. 31, 2004); *see also In re: Search of the Office of Ken Tylman*, 245 F.3d at 980 (allowing government to retain property because it was involved in a continuing investigation); *In re: Search of 2847 East Higgins Road, Elk Grove Village, Illinois*, 390 F.3d 964, 965 (7th Cir.2004) (finding that $12 million in cash, seized from the criminal defendant's warehouse, should have been returned to the defendant as soon as the government realized that the currency had no evidentiary value and was not the fruit of a crime). If the Government merely contends that it needs to retain the property in order to prevent further crimes from being committed, it is not enough. *Interstate Cigar*, 928 F.2d at 224. Basically, "[t]he Government will not be permitted to seize private property and then simply retain the property without any demonstration that the property is somehow necessary to the investigation, even if the sei-

zure was executed pursuant to a valid search warrant." *Id.* The burden therefore, is on the Government. *Id.; see Crenshaw,* 2004 WL 742100 at *1 ("[A]n individual whose property has been seized is presumed to have a right to its return absent a showing by the government that it has a legitimate reason to retain the property.").

A court deciding a motion to return property must seek evidence on any factual issue necessary to decide the motion. Fed. R.Crim.P. 41(g); *Interstate Cigar,* 928 F.2d at 222; *Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15 (7th Cir.1978) (remanding the case for a hearing where the government held private property for over seventeen months without bringing charges). For example, in *Interstate Cigar Co. v. United States,* the Seventh Circuit ordered a district court to conduct a hearing to determine whether the government could rationally defend its continued possession of 6,000 bottles of prescription drugs belonging to the plaintiff, Interstate Cigar Company. *Interstate Cigar,* 928 F.2d at 224. The drugs were taken from Interstate Cigar pursuant to a valid search warrant eighteen months prior to Interstate's motion to return. *Id.* at 223. Although the Government continued to retain Interstate's property, it had not obtained indictments against anyone connected with the prescription drugs. *Id.* at 222–23. The *Interstate Cigar* Court acknowledged that it did not have enough information to determine whether the Government could reasonably defend its continued possession of Interstate's property. *Id.* at 222. Therefore, it reversed the district court's grant of summary judgment for the Government and remanded the case to the district court to conduct a hearing to "afford the Government an opportunity to defend its continued possession of the [drugs]." *Id.* at 224.

As in *Interstate Cigar,* at this time the Court does not have enough information to determine whether the Government's continued retention of Hale's property is reasonable. Therefore, this Court orders the Government to submit a supplemental brief covering the following matters: 1) the Government should explain why it is entitled to the continued retention of Hale's property, 2) if there is a reasonable explanation for its continued retention of the property, then the Government should explain why Hale cannot be provided a copy of the one document that is being withheld entirely; and 3) if there is a reasonable explanation for continued retention of the documents, then the Government should detail the procedures it has taken to prevent the Government attorneys involved in the 03 CR 11 case from having access to any work product materials involving that case or the appeal. The supplemental brief should be submitted by May 20, 2005. Due to the sensitive nature of the case and in the event of an ongoing investigation that the Government does not wish to disclose, the Government may submit the supplemental brief to the Court *ex parte* and under seal. If no sufficient rationale is given, this Court will grant Hale's motion to return property, and order the Government to return all originals to Hale and destroy all copies in its possession.