134 Nev., Advance Opinion 97

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

IN RE THE EXECUTION OF SEARCH WARRANTS FOR: 12067 OAKLAND HILLS, LAS VEGAS, NEVADA 89141; 54 CAROLINA CHERRY DRIVE, LAS VEGAS, NEVADA 89141; 5608 QUIET CLOUD DRIVE, LAS VEGAS, NEVADA 89141; AND 3321 ALCUDIA BAY AVENUE, LAS VEGAS, NEVADA 89141.

No. 71536-COA

FILED

DEC 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,
Appellant,
vs.
LAURA ANDERSON,
Respondent.

Appeal from a district court order awarding attorney fees in the context of a motion for the return of seized property. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Reversed.*

Marquis Aurbach Coffing and Nicholas D. Crosby, Las Vegas, for Appellant.

Kathleen Bliss Law PLLC and Kathleen Bliss Quasula, Henderson, for Respondent.

BEFORE SILVER, C.J., TAO and GIBBONS, JJ.

*OPINION*

By the Court, TAO, J.:

NRS 18.010(2)(a) permits an award of attorney fees to a "prevailing party" in a civil action when that party recovers a money judgment in an amount less than $20,000. At issue here is whether that provision permits a fee award against a police department ordered to return a large amount of cash (and other property) seized pursuant to a criminal search warrant.

We conclude that it does not because an order to return seized cash is an order to return physical property, not a "money judgment," and therefore we reverse the district court's award of fees. Further, we decline to affirm the award under NRS 18.010(2)(b) and in so doing we clarify the evidentiary burdens that parties litigating return-of-property motions against a police department must meet under NRS 179.085.

*FACTUAL AND PROCEDURAL HISTORY*

Suspecting respondent Laura Anderson of running a secret prostitution ring, the Las Vegas Metropolitan Police Department (LVMPD) obtained a series of search warrants allowing it to look for contraband in five properties connected to her. Acting on those warrants, officers seized automobiles, electronics, and other personal effects, including more than $50,000 in cash.

Nine months then elapsed without any criminal charges being filed against her and without any civil forfeiture proceedings being initiated against the seized property. Anderson filed a civil motion under NRS 179.085 seeking the return of all property seized during the search. Her motion did not challenge the legality of the search or the manner in which

COURT OF APPEALS
OF
NEVADA

(O) 1947B

2

it was conducted, but only whether LVMPD's continued retention of the property remained reasonable in the absence of criminal charges.[1]

LVMPD initially filed a written partial opposition to the motion agreeing that it possessed a legal duty to return property that no longer had any evidentiary value and stipulating to the immediate return of some computer equipment and memory devices whose contents had been copied. The written opposition asserted that the other seized evidence, including the large amount of cash, could not yet be returned because it was relevant to a federal criminal investigation that was ongoing at the time.

Something changed between the time the written briefs were filed and the date of the oral argument on Anderson's motion. When counsel for LVMPD appeared for the hearing, he abandoned the arguments made in the written briefing and instead informed the district court that he had recently learned that the federal investigation had terminated without the filing of any charges. He therefore verbally stipulated that all property could be returned to Anderson. Based on this non-opposition, the district court granted Anderson's motion and ordered the property returned.

Anderson thereafter filed a motion seeking an award of attorney fees against LVMPD pursuant to NRS 18.010(2). In her motion, Anderson contended that she was a "prevailing party" entitled to fees under NRS 18.010(2)(a) and, alternatively, that the police department mounted a defense to her motion "without reasonable ground," entitling her to fees

---

[1]NRS 179.085 originally allowed individuals to seek return of seized property only on grounds that the underlying search and seizure were unlawful, but before Anderson filed her motion the Legislature amended it to add the additional ground that law enforcement's continued retention of the property was unreasonable in light of all the circumstances. *See* 2015 Nev. Stat., ch. 113, § 1, at 405-06.

under NRS 18.010(2)(b). The district court issued a written order awarding Anderson $18,255 in attorney fees under NRS 18.010(2)(a) but did not address Anderson's contention that an attorney fee award was warranted under NRS 18.010(2)(b). LVMPD now appeals the district court's fee award.

## ANALYSIS

The district court based its award of attorney fees upon NRS 18.010(2)(a). On appeal, LVMPD argues that this constituted legal error because recovery of a money judgment is a prerequisite to an award of attorney fees under that subsection. Anderson counters that the underlying judgment was monetary in nature because some of the property she recovered was cash. Alternatively, she argues that this court could affirm the award under NRS 18.010(2)(b), under the doctrine of "right result, wrong reason." *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (holding that appellate courts "will affirm a district court's order if the district court reached the correct result, even if for the wrong reason").

*Standard of review*

This court reviews a district court's award of attorney fees for a "manifest abuse of discretion." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (internal quotation marks and citation omitted). "But when the attorney fees matter implicates questions of law, the proper review is de novo." *Id.* Here, the question is whether a district court may award attorney fees at all under NRS 18.010(2)(a) in a return-of-property action brought under NRS 179.085, which is a question of law. Thus, our review is de novo. *See Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 8-11, 106 P.3d 1198, 1199-200 (2005) (reviewing de novo the question of whether landowners in condemnation actions may be awarded attorney fees

as prevailing parties under NRS 18.010(2)(a)); *see also Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) ("Questions of statutory construction, including the meaning and scope of a statute, are questions of law, which this court reviews de novo." (internal quotation marks, alterations, and citation omitted)).

*NRS 18.010(2)(a) cannot support an award of attorney fees when no money judgment has been entered*

LVMPD argues that the district court's award of fees cannot be justified under NRS 18.010(2)(a). As always, the proper place to begin is with the plain text of the relevant statute, and if those words are unambiguous, that is where our analysis ends as well. *See Pawlik v. Deng*, 134 Nev. ___, ___, 412 P.3d 68, 71 (2018).

NRS 18.010(2)(a) states that a district court may award attorney fees to a "prevailing party" when that party "has not recovered more than $20,000." The Nevada Supreme Court has explained that this latter phrase represents an important limitation on the scope and reach of the statute, restricting it "to situations where the prevailing party's recovery was readily measurable against the standard set forth in the statute," meaning that it "ha[s] effect only when a party recovered some amount . . . in damages." *Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 282-83, 890 P.2d 769, 773 (1995); *see Thomas*, 122 Nev. at 93-94, 127 P.3d at 1065-66 (reaffirming money judgment requirement and refusing to overrule *Crown Financial*). Such awards are permitted only in suits involving money judgments, which excludes actions seeking only declaratory or equitable relief.

A return-of-property action under NRS 179.085(5) is not an action seeking an award of money damages. Rather, the plain text of the

statute states that a motion for return of seized property "filed when no criminal proceeding is pending . . . must be treated as a civil complaint seeking equitable relief." NRS 179.085(5). Thus, a movant seeking relief only under NRS 179.085(5) is not eligible for an award of attorney fees under NRS 18.010(2)(a).

Anderson nonetheless counters that the underlying judgment was not merely equitable but rather fundamentally monetary in nature because some of the seized property was in the form of a large amount of cash (around $50,000). But the terms of the judgment itself concern the return of property. The mere fact that some of that property happened to be in the form of cash does not convert the nature of the award itself into one for a money judgment. Unlike a true money judgment, the judgment here was not constructed to award money damages as compensation for some injury inflicted upon Anderson, and she would not have been entitled to satisfy it by attaching or executing against other assets of LVMPD until paid in full. Quite to the contrary, in return-of-property actions like this one, NRS 21.020(5) limits collection and execution to delivery of the specified property and nothing more, unless the judgment itself itemizes other costs or monetary damages. In any event, Anderson's argument fails on its own terms because, even if we somehow considered the district court's order to be a money judgment, the amount of cash seized exceeded $50,000. This sum falls outside the scope of NRS 18.010(2)(a), which is limited to cases involving judgments of $20,000 or less. Consequently, the district court erred by awarding attorney fees under NRS 18.010(2)(a).

*The attorney fees award cannot be affirmed under NRS 18.010(2)(b) because the district court did not enter the required findings*

Alternatively, Anderson argues that she was entitled to attorney fees under NRS 18.010(2)(b). NRS 18.010(2)(b) permits an award of attorney fees where a claim or defense was "brought or maintained without reasonable ground or to harass the prevailing party." Anderson contends that the district court's award of attorney fees can be affirmed under NRS 18.010(2)(b) because LVMPD failed to present any "credible evidence" with its opposition to her motion that justified the nine-month retention of her property.[2]

*Anderson's argument*

As an initial observation, Anderson's argument conflates two very different things that must be sorted out. Anderson argues that attorney fees are warranted because LVMPD failed to provide proof that it had good reason to keep her property for so long without filing criminal charges. But NRS 18.010(2)(b) targets only how the litigation itself is conducted, not what the parties did before the litigation commenced. LVMPD may or may not have had a good reason to keep Anderson's property; either way, NRS 18.010(2)(b) permits an award of fees only if LVMPD "brought or maintained" a defense during the litigation itself that was either groundless or intended to harass.

Within the litigation, Anderson seems to argue that LVMPD failed to provide "credible evidence" in support of the factual allegations contained in its opposition to her motion. She cites *Frantz v. Johnson*, 116

_____

[2]Anderson also argues that LVMPD's proffered defense was "legally impossible," but offers little support for that proposition and we decline to address it.

Nev. 455, 999 P.2d 351 (2000), and *Allianz Insurance Co. v. Gagnon*, 109 Nev. 990, 860 P.2d 720 (1993), for the proposition that an award of fees under NRS 18.010(2)(b) is tested by whether the opposing party presented "credible evidence" to support its defense. From this, Anderson argues that LVMPD's opposing brief consisted entirely of argument unsupported by credible external "evidence" such as affidavits or exhibits, and consequently NRS 18.010(2)(b) was satisfied and she is entitled to fees.

In effect, Anderson argues that those cases imposed an affirmative burden of production upon LVMPD to immediately support everything it said in its opposition with corroborating evidence at peril of being later subject to a fee award. But the cases say no such thing. In fact, the language of those cases refers to the lack of any credible evidence being presented "at trial" to support the initial allegations contained in the pleadings. *See Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998) (noting that *Allianz* defined a claim as "groundless" if "the allegations in the complaint . . . are not supported by any credible evidence at trial"). They say nothing about whether any party possesses any affirmative burden of production on any issue at the pleading stage of a return-of-property motion.

In the end, the scope of NRS 18.010(2)(b) is defined not by a few words taken from isolated cases, but rather by the words of the statute itself. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012) (noting that "[t]he words of a governing text are of paramount concern"). The ultimate inquiry under NRS 18.010(2)(b) is whether a claim or defense was brought or maintained "without reasonable ground or to harass the prevailing party," with the stated goal of "deter[ring] frivolous or vexatious claims and defenses." What

matters is whether the proceedings were initiated or defended "with improper motives or without reasonable grounds." *Bobby Berosini*, 114 Nev. at 1354, 971 P.2d at 387.

Here, the district court made no findings, and the record contains no evidence, that would enable us to affirm an award of attorney fees under this statute. The court never found that LVMPD asserted a defense that was brought or maintained "without reasonable ground," was intended to "harass" Anderson, or rendered the litigation "vexatious." Indeed, it's difficult to see how those findings could have been made when LVMPD immediately conceded part of the motion in writing in its response and then a few weeks later conceded the rest of it at the very first hearing on the motion. The litigation itself ended up lasting little more than a single month and the docket consists of nothing more than Anderson's initial motion, LVMPD's initial written opposition partly conceding the motion, Anderson's reply brief, the oral hearing at which LVMPD conceded the motion in its entirety, and then the proceedings surrounding Anderson's request for attorney fees. Accordingly, the district court's award of fees must be reversed.

*The evidentiary burdens in return-of-property motions*

Quite apart from whether Anderson was or was not entitled to fees, both parties and the district court appeared confused as to how they should have handled the underlying merits of Anderson's return-of-property motion. Moreover, this confusion extended to the way Anderson briefed her appeal, with Anderson arguing that fees should have been awarded because LVMPD failed to present "credible evidence" at a time when it never actually had any burden of production. Their confusion was understandable considering the general language employed in NRS 179.085 and the lack of any clear guidance from Nevada courts on how to understand

the statute or handle such motions. Consequently, we take this opportunity to clarify the evidentiary burdens litigants bear in initiating and defending return-of-property motions quite outside of, and apart from, any subsequent request for attorney fees after the merits have been resolved.

NRS 179.085(1)(e) permits "[a] person aggrieved by . . . the deprivation of property [to] move the court . . . for the return of the property on the ground that . . . [r]etention of the property by law enforcement is not reasonable under the totality of the circumstances." In resolving that motion, the statute contemplates an expedited procedure with no formal discovery mechanisms or eventual jury trial; instead, "[t]he judge shall receive evidence on any issue of fact necessary to the decision of the motion." NRS 179.085(1).

Here, LVMPD quickly conceded the merits of Anderson's motion. Consequently, the district court was not required to do anything more than grant Anderson's motion as unopposed. However, had things been different and had LVMPD contested the motion substantively, the district court may have been required to consider evidence to resolve the matter. To do so, the district court would have followed a procedure well established in federal courts.

NRS 179.085 largely mirrors Federal Rule of Criminal Procedure 41(g),[3] and where Nevada statutes track their federal

___

[3]Fed. R. Crim. P. 41 was amended in 2002 "as part of a general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules." *United States v. Albinson*, 356 F.3d 278, 279 n.1 (3d Cir. 2004) (internal quotation marks and citation omitted). What was formerly Fed. R. Crim. P. 41(e) became Fed. R. Crim. P. 41(g), but the rule itself stayed largely the same. *Id.*

counterparts, federal cases interpreting the rules can be instructive. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002); *Middleton v. State*, 114 Nev. 1089, 1107 & n.4, 968 P.2d 296, 309 & n.4 (1998) (citing a federal case interpreting Federal Rules of Criminal Procedure that were "largely equivalent" to Nevada statutes).

Fed. R. Crim. P. 41(g) generally requires that factual disputes in return-of-property motions be resolved through evidence, either affidavits or other documentary evidence or, if documentary evidence is insufficient, then by considering the testimony of witnesses during an evidentiary hearing. *See United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007); *United States v. Albinson*, 356 F.3d 278, 282 (3d Cir. 2004); *United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999).

During the consideration of such evidence, the moving party bears the initial burden to show that the government's retention of his or her property is facially unreasonable under the totality of all of the circumstances that then exist. *See* NRS 179.085(1)(e); *In re Matter of Search of Kitty's E.*, 905 F.2d 1367, 1375 (10th Cir. 1990) ("A movant must demonstrate that retention of the property by the government is unreasonable in order to prevail on a [Fed. R. Crim. P. 41(g)] motion."). When the movant initially files his or her motion, he or she may have little idea of where any criminal investigation might stand. Nevertheless, the burden can be met in a few ways based upon information already within the movant's possession. For example, this can occur when a criminal case has been completely resolved, either through a trial or a guilty plea, because such a resolution suggests that any criminal investigation is likely over. *See United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (holding that the burden of proof shifts to the government when "the property in question

is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation" (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987))). It can also occur when no charges have been filed even after the government has had more than enough time to conduct its investigation. *See Martinson*, 809 F.2d at 1369 n.5 (recognizing that the burden could shift to the government if it has retained property for an extended period of time without filing charges); *Mr. Lucky Messenger Serv., Inc. v. United States*, 587 F.2d 15, 17 (7th Cir. 1978) (remanding for an evidentiary hearing to determine whether the government could reasonably justify retaining plaintiff's cash for over 17 months without bringing any charges).

If the movant fails to meet this initial burden, nothing more is required and the motion may be denied even if the government produces no evidence in response. If, however, the district court finds that the movant has made an initial showing that the retention of the property appears facially unreasonable, then the burden shifts to the government to demonstrate that it has a legitimate reason to retain the property. *Martinson*, 809 F.2d at 1369. The government could meet this burden in several ways. It could, for example, show that the property was contraband (such as drugs) that could not be legally returned. *See id.* Alternatively, it could show that the seized property was not actually owned by the movant (such as if it had actually been stolen from someone else). *See United States v. Wright*, 610 F.2d 930, 939 (D.C. Cir. 1979). It could also show that the property was the subject of civil forfeiture proceedings, or it could show that the property was related to an ongoing criminal investigation. *See id.* In any of these cases, the government would have the burden to prove its

allegations through something more than a naked assertion of counsel. *See Stevens*, 500 F.3d at 628 ("[A]rguments in a Government brief, unsupported by documentary evidence, are *not* evidence.").

If the government intends to prove that it's keeping the property pursuant to an active criminal investigation, then things become interesting. The types of "evidence" that could prove the existence of an ongoing law enforcement investigation are likely to be wholly unlike the kinds of evidence that parties typically present in other types of lawsuits. Many law enforcement activities—especially ones that do not result in the filing of any criminal charges—are governed by a web of rules governing confidentiality that do not exist in other contexts, including rules that protect the secrecy of grand jury proceedings and the identities of confidential informants. *See, e.g.*, Fed. R. Crim. P. 6(e); 28 C.F.R. §§ 16.21-.29. Rules aside, the disclosure of an active and ongoing criminal investigation may jeopardize the integrity of the investigation itself by revealing to a suspect that he or she is being investigated, how the investigation is being conducted, and by whom. Indeed, when a federal grand jury has been convened to investigate a target, unauthorized disclosure of its existence may constitute the commission of a federal crime, even when the disclosure is made in defense of a civil action like this one. *See* 18 U.S.C. § 401 (allowing a federal court to punish contempt of its authority by fine or imprisonment, including for "disobedience or resistance to its lawful . . . rule"). The question thus becomes how parties and district courts can determine whether keeping seized property is justified without either jeopardizing an active criminal investigation or running afoul of other statutes or rules requiring that such investigations remain confidential.

To solve this conundrum, the district court may choose to permit the government to supply its evidence in camera to preserve the secrecy and integrity of any ongoing investigation, and to prevent such motions from becoming a discovery tool through which a suspect can gather intelligence through the back door on the progress of the government's investigative efforts. *See, e.g.*, *Mr. Lucky Messenger Serv.*, 587 F.2d at 17 (remanding and directing the district court to, in its discretion, conduct the evidentiary hearing in camera because the reasons for the government's continued retention of property "may be integrally related to . . . grand jury proceedings"); *In re Documents & Other Possessions at Metro. Ctr. of Prisoner Hale*, 228 F.R.D. 621, 624 (N.D. Ill. 2005) (holding that the government could submit more information to the court "*ex parte* and under seal" if it wished "[d]ue to the sensitive nature of the case and in the event of an ongoing investigation that [it] does not wish to disclose").

In the instant case, had LVMPD contested Anderson's motion in a substantive way, the district court would have had to resolve the merits of the matter by weighing evidence. But because LVMPD quickly conceded the motion, the district court was not required to consider anything more. From this, Anderson seems to argue that merely because LVMPD produced no evidence and lost the motion, its defense was unreasonable and fees were appropriate. But LVMPD had no burden to produce anything yet, and even if it had, Anderson's assertion is far from true. Not every unsuccessful defense is ipso facto "unreasonable," "frivolous," or "vexatious." Merely losing a motion on the merits does not mean that the losing defense was utterly "without reasonable ground" for purposes of awarding attorney fees. NRS 18.010(2)(b) does not create an automatic "loser pays" system, of the kind found in England, in which the unsuccessful party always pays fees to

COURT OF APPEALS
OF
NEVADA

(O) 1947B

14

the winning party. *See Hensley v. Eckerhart*, 461 U.S. 424, 443 n.2 (1983) (Brennan, J., concurring in part and dissenting in part) (noting that the "English Rule" is one "under which the losing party, whether plaintiff or defendant, pays the winner's fees"). Instead, whether the losing party's defense went beyond merely unsuccessful into becoming "vexatious" and "without reasonable ground" is a decision for the district court to make in the first instance.

Here, LVMPD conceded the motion without much of a fight, and therefore the district court did not weigh any evidence and did not make any findings that LVMPD did anything to trigger NRS 18.010(2)(b). Moreover, because the district court granted Anderson's motion as unopposed, it never had to determine whether Anderson actually met her initial burden. Thus, the burden never shifted to LVMPD to do anything more or supply any evidence. Even if it had, that would not necessarily mean that fees were warranted; to award fees, the district court must have made a separate finding that LVMPD not only lost the motion, but unreasonably fought it based upon grounds prohibited under NRS 18.010(2)(b). No such findings exist, and therefore the award of fees must be reversed.

## CONCLUSION

For the foregoing reasons, the district court's award of attorney fees was not proper under NRS 18.010(2)(a) and cannot be affirmed under NRS 18.010(2)(b) in the absence of any relevant findings or any clear evidence that LVMPD brought or maintained its defense without

reasonable ground. Accordingly, we reverse the district court's order awarding attorney fees.

_____, J.
Tao

I concur:

_____, J.
Gibbons

COURT OF APPEALS
OF
NEVADA

(O) 1947B

16

SILVER, C.J., concurring:

I concur in the result only.

_____, C.J.
Silver