139 Nev., Advance Opinion 23

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF SEARCH WARRANTS REGARDING SEIZURE OF DOCUMENTS, LAPTOP COMPUTERS, CELLULAR TELEPHONES, AND OTHER DIGITAL STORAGE DEVICES FROM THE PREMISES OF LAS VEGAS BISTRO, LLC, AND LITTLE DARLINGS OF LAS VEGAS, LLC. | No. 84931-COA<br><br>FILED<br><br>AUG 24 2023<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |
| LAS VEGAS BISTRO, LLC, D/B/A LARRY FLYNT'S HUSTLER CLUB; AND LITTLE DARLINGS OF LAS VEGAS, LLC,<br>Appellants,<br>vs.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br>Respondent. | |

Appeal from a district court order denying a motion to unseal and quash search warrants and for the return of property. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Chief Judge.

*Affirmed in part, reversed in part, and remanded.*

Fox Rothschild LLP and Deanna L. Forbush and Colleen E. McCarty, Las Vegas; Shafer & Associates, P.C., and Zachary M. Youngsma, Lansing, Michigan,
for Appellants.

Marquis Aurbach and Nick D. Crosby and Jackie V. Nichols, Las Vegas,
for Respondent.

23-27659

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., and BULLA and WESTBROOK, JJ.

*OPINION*[1]

By the Court, WESTBROOK, J.:

After the Las Vegas Metropolitan Police Department (LVMPD) executed search warrants at appellants' business establishments, seizing various documents and electronic devices, appellants filed a motion for the return of that property pursuant to NRS 179.085 on the basis that the property contained privileged materials. In the motion, appellants also sought to quash and unseal the warrants. Citing its ongoing investigation, LVMPD opposed appellants' motion and proposed to resolve appellants' privilege concerns by having its own Digital Forensics Lab (DFL) search for any privileged information and redact it before turning it over to LVMPD detectives. The district court determined that it was "not unreasonable" for LVMPD to retain the property under these circumstances and that the proposed search protocol was "a reasonable resolution of" the privilege issue. As a result, the district court denied appellants' return-of-property

---

[1]On April 7, 2023, we issued an unpublished order affirming in part, reversing in part, and remanding. Thereafter, appellants filed a petition for rehearing pursuant to NRAP 40. We grant that petition and withdraw our unpublished order, issuing this opinion in its place. *See Carson City v. Capital City Entm't, Inc.*, 118 Nev. 415, 417, 49 P.3d 632, 633 (2002) ("After reviewing the parties' submissions, as well as the briefs and appendix, we concluded that rehearing was warranted, and we granted the petition. We now withdraw our [prior] order and issue this opinion in its place."). We also deny the Las Vegas Review-Journal's third-party motion for extension of time to file a motion for publication and all related filings as moot.

motion. The district court also denied appellants' request to quash and unseal the warrants.

Although we agree that the district court properly denied appellants' request to quash and unseal the warrants, we conclude that the district court erred when it prematurely denied appellants' return-of-property motion without giving appellants an opportunity to demonstrate privilege. We also conclude that the district court erred by adopting LVMPD's proposed search protocol, which allowed DFL to disclose potentially confidential communications to law enforcement based on its own unilateral determination of privilege without affording appellants an opportunity to challenge that determination prior to disclosure.

In reaching these conclusions, we recognize for the first time that Nevada's return-of-property statute, NRS 179.085, allows a property owner to seek the return of privileged materials that have been seized pursuant to a valid search warrant, even when the government has an ongoing investigation. When a property owner files a return-of-property motion prior to the initiation of criminal proceedings, the Nevada Rules of Civil Procedure apply. In such cases, the property owner must comply with NRCP 26(b)(5), which requires both an express claim of privilege and a description of the privileged documents in a privilege log. However, the property owner need not produce a privilege log until they have been given access to the seized materials. Accordingly, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

The LVMPD's Special Investigation Section began covertly investigating erotic dance locations for prostitution-related activities, including investigations at Las Vegas Bistro, LLC, dba Larry Flynt's

Hustler Club (Hustler Club) and Little Darlings of Las Vegas, LLC (Little Darlings) (collectively, appellants). As part of its investigation, LVMPD sent undercover officers to each establishment in January and March 2022. During each of these visits, one or more entertainers reportedly solicited the undercover officers to engage in illicit prostitution activity.

In April 2022, LVMPD submitted applications and affidavits in support of search warrants for Hustler Club and Little Darlings; those applications were granted by the Las Vegas Justice Court. Both warrant applications indicated an investigation into the crimes of "advancing prostitution" and "living from earnings of prostitution" at these establishments. The warrants for both properties were issued the same day, as well as orders sealing the affidavits for both warrants.

The warrants were executed on both Hustler Club and Little Darlings on April 5. At both properties, LVMPD seized computers, tablets, thumb drives, documents, and the cell phones of managers present. Two days after the warrants were executed, LVMPD submitted additional applications and affidavits in support of search warrants requesting authority to search the digital storage devices seized from Hustler Club and Little Darlings. The justice court issued both search warrants the same day, as well as additional orders sealing the affidavits.

Five days later, appellants filed in the district court a motion to (1) unseal the search warrant applications and supporting affidavits, (2) quash the search warrants, and (3) return seized property. The motion was brought pursuant to NRS 179.105 (retention and restoration of property taken on warrant), NRS 179.045(4) (sealing and unsealing of warrant materials), and NRS 179.085(1)(b), (d), and (e) (requesting the return of property). The motion was divided into two main points: a request

to quash and unseal the warrant materials based on a lack of probable cause, and a request for the return of property because the warrants were allegedly insufficient and illegally executed and the property seized contained privileged materials.

LVMPD opposed the motion. It argued the warrants were supported by probable cause for the crimes of "advancing prostitution" and "living from earnings of prostitution." LVMPD further argued that additional evidence would potentially be destroyed if the district court were to unseal the warrants and that the ongoing investigation presented a compelling reason against disclosure.

At the time of its opposition, LVMPD confirmed the seized property was in the custody of DFL. No search had yet occurred, as DFL was still in the process of creating mirror images of the electronic contents. To address appellants' privilege concerns, LVMPD proposed a search protocol whereby appellants would provide DFL with "a list of full names, email addresses, and/or phone numbers that would be considered privileged." DFL would search for the keywords and review the search results for privileged information. Privileged materials would be redacted before the documents were turned over to LVMPD detectives.

LVMPD further argued that the Nevada statute explicitly requiring the return of privileged materials among seized property, NRS 179.105, applied only to search warrants executed on practicing attorneys or law firms. Because the search warrants in this case were not executed on any attorneys or law firms, LVMPD argued that no statute required the return of privileged materials. LVMPD also asserted that the ongoing criminal investigation justified retaining the materials.

At the hearing in district court, appellants asserted there was no evidence of "prostitution" as defined by NRS 201.320 because the undercover officers may have witnessed solicitation, but not prostitution. Appellants further contended that "advancing prostitution" and "living from earnings of prostitution" could not be supported by probable cause because they lacked the material element of "prostitution." With regard to the privileged materials, appellants argued that the proper course would be to return the seized property *to them* to create a privilege log, and then the parties could engage a special master or third party to determine what was privileged.

The district court ordered LVMPD to provide the sealed warrant materials in camera so the court could determine whether there was probable cause for the warrants and whether appellants presented good cause to unseal them. After conducting its in camera review, the district court entered an order finding that the warrants were supported by probable cause and denying appellants' request to unseal. Further, the district court summarily found that LVMPD's proposed DFL search protocol was "a reasonable resolution of" the privilege claim.

### ANALYSIS

On appeal, appellants argue that the district court erred in finding that the warrants were supported by probable cause and that good cause existed for the warrant materials to remain sealed. In addition, appellants argue that the district court erred in finding LVMPD's proposed DFL search protocol was a proper resolution to the privilege issue, because there must be some mechanism for the return of privileged materials seized from nonattorneys. LVMPD disagrees, arguing that the warrants *were* supported by probable cause, that good cause did not exist to unseal the

warrants, and that LVMPD's retention of the property was reasonable under the circumstances. LVMPD further argues that appellants' request for the return of property is now moot because the electronic devices were returned to the property owners (though LVMPD retained a copy of the contents). We address appellants' arguments in turn.

*The district court did not err in finding the warrants were properly supported by probable cause*

Appellants argue probable cause for the warrants was lacking because the undercover officers could not have consummated any sexual acts with the entertainers. While there may have been probable cause for solicitation, appellants claim that there could not have been probable cause for prostitution or any crimes that have prostitution as a material element. As a result, appellants argue they are entitled to the return of property under NRS 179.085(1)(b) and (d) because the warrants were insufficient on their face and illegally executed. LVMPD responds that the district court properly found that probable cause existed after its in camera review of the warrant materials.

"[T]he proper standard for determining probable cause for the issuance of [a] warrant is whether, under the totality of the circumstances, there is probable cause to believe that contraband or evidence is located in a particular place." *Keesee v. State*, 110 Nev. 997, 1002, 879 P.2d 63, 67 (1994). Probable cause to support a search warrant exists where the facts and circumstances within an officer's knowledge warrant a reasonable belief that an offense has been or is being committed. *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949). "Further, the issuing judge's determination of probable cause should be given great deference by a reviewing court. . . . The duty of a reviewing court is simply to determine whether there is a substantial basis for concluding that probable cause

COURT OF APPEALS
OF
NEVADA

(O) 1947B

7

existed." *Doyle v. State*, 116 Nev. 148, 158, 995 P.2d 465, 471-72 (2000) (internal citations omitted).

In this case, LVMPD's undercover investigations reportedly revealed a pattern of entertainers soliciting undercover officers for illicit sexual activity for a fee. Simply because the undercover officers did not personally engage in prostitution activities does not inherently mean that probable cause was lacking for prostitution-related offenses. A reasonable inference is that some customers could or would have engaged in illicit activities and that the entertainers were attempting to commit a crime. Having also reviewed the affidavits in camera, we agree under the totality of circumstances that there was a substantial basis for the district court to conclude that probable cause existed. Therefore, we conclude that the district court did not err in finding probable cause for the crimes of "advancing prostitution" and "living from earnings of prostitution," and it properly denied appellants' motion to return property pursuant to NRS 179.085(1)(b) and (d).[2]

---

[2]In their reply brief, appellants argue for the first time that the business owners and managers, as opposed to the specific female entertainers, cannot be liable for "advancing prostitution" and "living from earnings of prostitution" because the owners and managers do not permit prostitution activity to take place. We note that arguments raised for the first time in a reply brief need not be addressed and are deemed waived. *Khoury v. Seastrand*, 132 Nev. 520, 530 n.2, 377 P.3d 81, 88 n.2 (2016) (explaining that arguments brought for the first time in reply briefs are waived). However, even on the merits, this argument is premature in the context of an ongoing investigation and further does not provide a basis for invalidating warrants that are otherwise supported by probable cause.

*The district court did not abuse its discretion when it found appellants did not establish good cause to unseal the warrant applications and affidavits*

Appellants argue that good cause exists to unseal the warrant materials because "[t]he gravamen of LVMPD's investigation is the alleged solicitation of prostitution at [a]ppellants' businesses in January and March of this year. . . . As such, all of the events at issue have already occurred." LVMPD counters that the warrant materials should remain sealed because they include police procedures and intelligence obtained during covert investigations. Further, LVMPD argues that unsealing the warrant materials may compromise LVMPD's ongoing investigation.

NRS 179.045(4), governing the sealing of search warrants, states that "[u]pon a showing of good cause, the magistrate may order an affidavit or a recording of an oral statement given pursuant to this section to be sealed. Upon a showing of good cause, a court may cause the affidavit or recording to be unsealed." The term "good cause" is undefined within the context of unsealing a warrant affidavit, but Nevada's appellate courts have typically held that "good cause" determinations are within the district court's discretion. *See Spar Bus. Servs., Inc. v. Olson*, 135 Nev. 296, 298, 448 P.3d 539, 541 (2019) (stating that "we review a district court's good cause determination [to extend service] for an abuse of discretion"); *Nunnery v. State*, 127 Nev. 749, 766, 263 P.3d 235, 247 (2011) ("We have indicated that a finding of good cause [to admit unnoticed evidence] is within the district court's discretion."); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 594, 245 P.3d 1198, 1199 (2010) (holding that the district court did not abuse its discretion in finding the party failed to demonstrate good cause to enlarge time). We find this caselaw persuasive and hold that a court's determination of good cause under NRS 179.045(4) is likewise subject to an abuse of discretion standard of review.

As this court has previously recognized in other contexts, "the disclosure of an active and ongoing criminal investigation may jeopardize the integrity of the investigation itself by revealing to a suspect that he or she is being investigated, how the investigation is being conducted, and by whom." *In re Execution of Search Warrants (Anderson)*, 134 Nev. 799, 807, 435 P.3d 672, 678 (Ct. App. 2018). Here, the district court found that the warrant materials were properly sealed because disclosure of the sensitive information contained within "may compromise the ability of the Metropolitan Police Department's ability to further investigate the crimes alleged to have been committed, and any ongoing crimes allegedly being committed, relating to this investigation." Moreover, the district court found that unsealing the warrant materials might endanger the undercover officers involved and reveal details of the ongoing investigation. After reviewing the warrant materials in camera, we agree with LVMPD that the district court had sufficient grounds to make this decision. We therefore conclude the district court did not abuse its discretion in finding the warrants should remain sealed.[3]

*The district court erred by prematurely denying appellants' return-of-property motion without giving appellants an opportunity to demonstrate privilege*

Appellants also moved for the return of property in district court pursuant to NRS 179.085(1)(e), which provides, in pertinent part, that

> A person aggrieved by an unlawful search and seizure or the deprivation of property may move the court having jurisdiction where the property was

---

[3]As our review of the search warrant materials reveals investigations into ongoing criminal activity, appellants' assertion that all relevant events have already occurred is unpersuasive in this case.

seized for the return of the property on the ground that:

> . . .
>
> (e) Retention of the property by law enforcement is not reasonable under the totality of the circumstances.

Specifically, appellants sought the return of property on the basis that it was protected by the attorney-client privilege and the accountant-client privilege. *See* NRS 49.095 (attorney-client privilege); NRS 49.185 (accountant-client privilege).

In denying appellants' request, the district court agreed that a motion under NRS 179.085 was the proper vehicle for appellants' return-of-property claims but found that it "does not appear to be unreasonable" for LVMPD to retain the materials given its ongoing investigation. The district court further determined that LVMPD's proposal to "redact information that [appellants] believe is privileged, if [appellants] provide a list of names, email addresses, and/or phone numbers, of information which would be considered privileged" was "a reasonable resolution" of appellants' privilege concerns. Appellants challenge that ruling on appeal.

At the outset, LVMPD contends that appellants' request for the return of property has been rendered moot because the property seized was subsequently returned to the property owners. Appellants respond that the issue is not moot because, even though LVMPD gave back some of the original property, LVMPD has retained copies or mirror images of the electronic devices' contents. Because LVMPD concedes that it has retained copies of the electronic devices' contents, which would also include any privileged communications, appellants' request for the return of any privileged property, including the copies or mirror images, is not moot.

As LVMPD points out, this court has previously recognized a similarity between Nevada's return-of-property statute and Federal Rule of Criminal Procedure (FRCrP) 41(g), the federal return-of-property rule. "NRS 179.085 largely mirrors Federal Rule of Criminal Procedure 41(g), and where Nevada statutes track their federal counterparts, federal cases interpreting the rules can be instructive." *Anderson*, 134 Nev. at 805, 435 P.3d at 677 (footnote omitted).

Other jurisdictions, in addressing the return of seized property under FRCrP 41(g), have held that property owners have an equal interest in copies of seized property as they do in the originals. For instance, the United States Court of Appeals for the Fifth Circuit recognized "that a plaintiff in a civil action for the return of property has a sufficient proprietary interest in copies of documents which have been seized to demand their return as well as the return of the originals." *Richey v. Smith*, 515 F.2d 1239, 1242 n.5 (5th Cir. 1975). The Fifth Circuit also recognized that injury to the property owner continues to occur as long as the government retains the privileged documents. *Harbor Healthcare Sys., LP v. United States*, 5 F.4th 593, 600 (5th Cir. 2021) ("The government's ongoing intrusion on Harbor's privacy constitutes an irreparable injury . . . . Harbor remains injured as long as the government retains its privileged documents.").

Likewise, the United States Court of Appeals for the Ninth Circuit has ordered copies of unlawfully seized materials to be returned, as well as the originals. *See Goodman v. United States*, 369 F.2d 166, 168 (9th Cir. 1966) ("Assuming, arguendo, that the searches or seizures were unlawful, we must consider whether the copies must be returned to the appellants in addition to the originals. We hold that they must."); *see also*

COURT OF APPEALS
OF
NEVADA

(O) 1947B

12

*United States v. Burum*, 639 F. App'x 503, 504 (9th Cir. 2016) (holding that an evidentiary hearing was necessary to determine "which documents (including copies) the government still has in its possession"). Although we agree with LVMPD that the property at issue in this case was not "unlawfully seized," we find this authority relevant to the question of mootness because it demonstrates that a party has an equal right to seek the return of *copies* of seized property under the analogous federal rule governing return of property. Because LVMPD has retained copies or the mirror images of the electronic devices containing certain documents that appellants assert to be privileged, the issue was not rendered moot by the return of the physical devices.

Citing *Anderson*, LVMPD asks this court to rely on a line of federal cases indicating that motions for the return of property under FRCrP 41(g) are properly denied where the government has an ongoing need for the property in question. *See, e.g., United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) ("*Generally*, a Rule 41(e) motion is properly denied if . . . the government's need for the property as evidence continues." (emphasis added) (internal quotation marks omitted)); *United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987) ("A district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." (internal quotation marks omitted)); *United States v. Totaro*, 468 F. Supp. 1045, 1048 (D. Md. 1979) (holding "that federal district courts have both the jurisdiction and the duty to order the return of seized evidence to its rightful owner, whether or not the seizure was illegal, once the need for the evidence has terminated"). Based on these federal cases, LVMPD contends that the district court correctly

determined that it was not "unreasonable" for it to retain even those privileged materials belonging to appellants.

However, the federal cases relied on by LVMPD do not support a blanket rule that privileged materials are not required to be returned as long as the government has a need for them. To the contrary, these and other federal jurisdictions recognize that attorney-client privilege is a valid basis to seek the return of property under FRCrP 41(g). The Third, Eleventh, Fifth, Ninth, and D.C. Circuits have all addressed requests to return privileged materials within the scope of FRCrP 41(g) motions for the return of property. *United States v. Scarfo*, 41 F.4th 136, 171 (3d Cir. 2022) (addressing an appeal from a ruling on a motion for the return of property under FRCrP 41(g) that challenged a filter team's disclosure of communications to the prosecution without "giving him an opportunity to challenge any of the communications as privileged, prior to their potential use at trial"), *cert. denied by Pelullo v. United States*, ___ U.S. ___, 143 S. Ct. 1044 (2023); *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1245-46 (11th Cir. 2021) (evaluating a district court ruling on an FRCrP 41(g) motion where businesses and their owners, managers, and controllers moved to intervene under FRCrP 41(g) to assert attorney-client and work-product privileges over some documents that were seized), *cert. denied by Korf v. United States*, ___ U.S. ___, 143 S. Ct. 88 (2022); *Harbor*, 5 F.4th at 600; *Burum*, 639 F. App'x at 504 (addressing an appeal from an FRCrP 41(g) motion seeking the return or destruction of all privileged property retained by the government); *United States v. Rayburn House Office Bldg., Room 2113, Washington, D.C. 20515*, 497 F.3d 654, 665 (D.C. Cir. 2007) (addressing an FRCrP 41(g) motion for the return of all privileged materials seized upon

executing a search warrant for nonlegislative materials in the congressional office of a sitting member of Congress).

Federal courts recognize that privacy interests in privileged materials "weigh[ ] heavily in favor of granting Rule 41(g) relief" for the return of property and that the government's retention of privileged materials may "constitute[ ] an irreparable injury that can be cured only by Rule 41(g) relief." *Harbor*, 5 F.4th at 600. "Once the government improperly reviews privileged materials, the damage to the [property owners'] interests is 'definitive and complete.'" *In re Sealed Search Warrant*, 11 F.4th at 1247 (quoting *DiBella v. United States*, 369 U.S. 121, 124 (1962)). We find these cases persuasive. Because FRCrP 41(g) provides a basis in federal court to seek the return of privileged materials among seized property, we read Nevada's analogous return-of-property statute to also include privilege as a basis to seek the return of seized property under NRS 179.085(1)(e), regardless of whether the government has an ongoing investigation. *See Anderson*, 134 Nev. at 805, 435 P.3d at 677.

Notably, the language in FRCrP 41(g) mirrors that of NRS 179.085(3), which directly addresses the return of property under NRS 179.085(1)(e). FRCrP 41(g) states, in pertinent part, "If [the court] grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Likewise, NRS 179.085(3) states, "If the motion is granted on the ground set forth in paragraph (e) of subsection 1, the property must be restored, but the court may impose reasonable conditions to protect access to the property and its use in later proceedings." Thus, both rules allow the district court to grant a party relief from the seizure of

COURT OF APPEALS
OF
NEVADA

(O) 1947B

privileged materials in a manner that would protect the government's interest in "access to the property" for "use in later proceedings."

In this case, the district court initially denied appellants' return-of-property motion under NRS 179.085(1)(e) without determining whether any of the subject materials were, in fact, covered by a privilege and continued to permit LVMPD to retain the copies or mirror images of the electronic devices that may contain certain privileged documents without making such a determination.[4] In addition, the district court assumed, without deciding, that the subject materials *did* contain privileged documents and directed DFL to conduct its own search through the materials to "redact information that [appellants] believe is privileged." This was error.

Preliminarily, when a motion for the return of property is filed prior to the initiation of criminal proceedings, which was the case here, the Nevada Rules of Civil Procedure apply. *See* NRS 179.085(5) ("If a motion pursuant to this section is filed when no criminal proceeding is pending, the motion must be treated as a civil complaint seeking equitable relief."). Therefore, assertions of privilege are governed by NRCP 26(b)(5). Pursuant to NRCP 26(b)(5)(A)(i)-(ii), when a property owner seeks to withhold information on the basis of privilege, the property owner is required to do two things: (1) "expressly make the claim," and (2) "describe the nature of" the privileged documents through a privilege log.

---

[4]In its petition for rehearing, appellants point out that other seized property remains in LVMPD's possession, and LVMPD does not dispute this assertion.

As to the first requirement that appellants "expressly make the claim," appellants asserted in their motion for the return of property that the seized property included materials privileged under NRS 49.095 and NRS 49.185. To support their claims of privilege, appellants provided declarations from several employees that attested to the presence of privileged materials among the seized property, including communications between those employees and appellants' attorneys and accountants. In response, LVMPD did not dispute the presence of potentially privileged materials but instead proposed a search protocol for DFL to find and redact this privileged information. The district court agreed.[5]

---

[5]On rehearing, LVMPD argues that appellants waived any privilege claim for the materials that have not yet been returned, including DVR and point-of-sale systems, because appellants failed to specifically assert that those items contained privileged information. However, LVMPD failed to raise this argument in the district court, and therefore the argument is waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (explaining that issues not argued below are "deemed to have been waived and will not be considered on appeal"). Nonetheless, LVMPD's argument can also be rejected on the merits. In appellants' motion for the return of property, they asserted that "[t]he Property seized by LVMPD, inclusive of paper documents and digital storage devices, contains emails, documents and other correspondence with [appellants'] attorneys and accountants that are privileged . . . ." Similarly, the accompanying declaration to the motion stated "that materials protected by the attorney-client and accountant-client privileges and the work product doctrine are stored on digital storage devices which were seized by [LVMPD]." When LVMPD offered its DFL search protocol, it did not propose to limit the search to any particular documents but rather would have DFL search all items recovered under the warrants. Therefore, we reject LVMPD's argument that appellants waived their right to assert privilege in certain items seized.

To comply with the second requirement to assert privilege, a party must ordinarily submit a privilege log identifying any potentially privileged materials. *See* NRCP 26(b)(5)(A)(ii). However, appellants were unable to do so without first having access to the seized property. At least until a party has access to the seized property in question, federal courts are hesitant to hold the absence of a privilege log against a party seeking relief under FRCrP 41(g). *In re Grand Jury Subpoenas*, 454 F.3d 511, 515 (6th Cir. 2006) (stating that the movant could not be criticized for failing to provide a privilege log before he had an opportunity to review the records); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (stating that the timeliness of a privilege log is determined by the relevant circumstances, including the ability of the party to review the documents and identify privileged materials); *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1046 (D. Nev. 2006) (holding that the property owner "had not waived its privileges because it had, as yet, no opportunity to inspect its files and identify additional privileged records").

Prior to a formal determination of privilege under the Nevada Rules of Civil Procedure, it is unknown what, if any, privileged materials actually exist among the seized property that appellants have asked the court to return. Therefore, it was premature for the district court to find that it was "not unreasonable" for LVMPD to retain the seized property, which continues to include the copies and mirror images of the electronic devices, because such a determination could not properly have been made until appellants had a full opportunity to demonstrate privilege.

To that end, the district court also erred by adopting LVMPD's proposed DFL search protocol. Appellants objected to the proposed DFL

protocol before the district court. Appellants argued that the protocol "provides no guarantee that privileged information will be properly searched and, if that does not occur, [a]ppellants will have no recourse." Appellants' concerns in this regard are persuasive. NRS 49.095 guarantees a client the right "to prevent any other person from disclosing" confidential privileged communications, and the statutory reference to "any other person," by its plain language, would necessarily include the individuals within DFL.

LVMPD's proposed DFL search protocol violated NRS 49.095 by allowing DFL to disclose potentially confidential communications to law enforcement's investigatory arm based on its own unilateral determination of privilege. *See In re Grand Jury Subpoenas*, 454 F.3d at 523 (stating that the risk of accidental disclosure of privileged materials to prosecutors is a paramount concern when dealing with privileged materials among the property seized). The proposed protocol was also inadequate because it did not provide appellants with any opportunity to review DFL's privilege determinations *before* the seized property was forwarded to the investigating detectives. *In re Sealed Search Warrant*, 11 F.4th at 1247 ("[I]f a district court incorrectly denies Rule 41(g) relief when it is required, immediate review is necessary to preserve that same remedy of return of the documents before the government reviews them. Review later would be incapable of vindicating the [property owners'] privacy interests."); *see also SDI Future Health*, 464 F. Supp. 2d at 1039 ("Because the Government did not provide or implement any procedure for notifying SDI of the taint attorney's privilege decisions or afford SDI an opportunity to challenge those determinations in court before the documents were provided to the prosecution team, it is doubtful that the court would have approved the

Government's taint procedures if SDI had challenged them."); *Richey*, 515 F.2d at 1242 n.5 ("It follows that one entitled to the return of original documents is entitled to their return prior to and not after examination or reproduction by government agents.").

Further, at the time appellants filed their motion for the return of property, LVMPD had not yet returned their physical devices, and the protocol implemented by the district court failed to provide appellants with a meaningful opportunity to assert privilege because it did not grant them any access to the seized property. Without access to the property, appellants had no ability to create a privilege log in conformance with NRCP 26(b)(5)(A)(ii). For these reasons, we conclude that LVMPD's proposed DFL search protocol was inadequate, and the district court erred in adopting it.

## *CONCLUSION*

In summary, we affirm the portions of the district court's order that denied appellants' motion to quash and unseal the warrants. However, we conclude that the district court erred when it prematurely denied appellants' request to return the seized property without affording them an opportunity to demonstrate privilege under NRCP 26(b)(5). After asserting that the seized items contained privileged information, appellants were required to create a privilege log but were unable to do so without having access to the seized property. We therefore reverse the district court's order denying appellants' motion for the return of the entirety of appellants' property without determining whether privileged communications existed within the property seized in accordance with NRCP 26(b)(5)(A)(ii) and the relevant statutory privileges.

On remand, appellants must create a privilege log for all materials that have been returned by LVMPD, as they now have those seized materials in their possession. *SDI Future Health*, 464 F. Supp. 2d at 1044 n.4 (holding that once the defendants are granted access to the seized property, they should "supplement[ ] their privilege claims by more specifically describing the documents that they allege were protected by the attorney-client privilege"). To the extent that LVMPD has not yet returned any items seized or copies thereof, the district court should address appellants' ability to access this property in the first instance.[6] Appellants must be given an opportunity to demonstrate privilege as to the property not yet returned, "but the court may impose reasonable conditions to protect access to the property and its use in later proceedings." NRS 179.085(3).

The district court should then follow the protocol for asserting privilege pursuant to the applicable statutory privileges and NRCP 26(c) and set a schedule for appellants to submit a privilege log within a reasonable period of time. Finally, in the interim, due to LVMPD's retention of the copies and mirror images of the electronic devices, the district court should put in place a protective order pursuant to NRCP 26(c) that prevents LVMPD from accessing the copies and mirror images until such time as the privilege issues have been resolved and the privileged

---

[6]Insofar as LVMPD argues on rehearing that there are ownership disputes as to items that have not yet been returned to appellants, LVMPD should likewise direct any such ownership disputes to the district court in the first instance. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance.").

documents have been redacted. We leave the timing to the discretion of the district court with the understanding that there is an ongoing investigation.

_____, J.
Westbrook

We concur:

_____, C.J.
Gibbons

_____, J.
Bulla